IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01653-BNB

MICHAEL RAY INGRAM,

    Plaintiff,

v.

FRANK CLEMENTS, Executive Director, Colorado Department of Corrections, and
JAMES FALK, Warden, Sterling Correctional Facility, Colorado Department of
    Corrections,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO
FILE AMENDED PRISONER COMPLAINT

---

    Plaintiff, Michael Ray Ingram, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the prison facility in Sterling, Colorado. Mr. Ingram, acting pro se, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights have been violated.

    The Court must construe the Prisoner Complaint liberally because Mr. Ingram is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will direct Mr. Ingram to file an Amended Prisoner Complaint.

    In the Complaint, Mr. Ingram asserts two claims. As his first claim, he alleges that he suffers from light sensitivity, back pain, and deformed heels which make it difficult or impossible for him to perform his duties in his assigned prison job in the

kitchen. He alleges that the defendants have refused to accommodate his requests for a cell assignment change, a suitable prison job, appropriate work restrictions, appropriate footwear, a bottom tier restriction, and an orthopedic pillow. Because his medical conditions have not been adequately accommodated, Mr. Ingram alleges that he suffers from constant pain, nausea, and headaches. He asserts that his Eighth Amendment right to be free from cruel and unusual punishment has been violated as a result. Mr. Ingram alleges in his second claim that his rights under the Americans with Disabilities Act (ADA) have been violated based on the same facts set forth in the first claim. He requests injunctive relief. However, Plaintiff fails to allege the personal participation of each named Defendant.

Plaintiff will be directed to amend his Complaint and assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Executive Director Frank Clemens or Warden James Falk, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, Plaintiff must explain in the Amended Complaint what each defendant did to him, when the defendant did the action, how the defendant's

Case 1:12-cv-01653-BNB   Document 9   Filed 08/06/12   USDC Colorado   Page 3 of 3

3

action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an Amended Prisoner Complaint that is in keeping with the instant Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing an Amended Prisoner Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Prisoner Complaint within the time allowed the Complaint and action will be dismissed without further notice.

DATED August 6, 2012, at Denver, Colorado.

                                                      BY THE COURT:

                                                       s/ Boyd N. Boland
                                                      United States Magistrate Judge